UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. ARMSTEAD, | CASE NO.: C07-0025-JCC |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| DOUG WADDINGTON, | |
| Respondent. | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Warren E. Armstead proceeds *pro se* in this 28 U.S.C. § 2254 action. (Dkts. 21-24.) Respondent submitted an answer, arguing that petitioner's claims should be dismissed with prejudice as time-barred. (Dkt. 29.) Petitioner argued in response that the statute of limitations should be equitably tolled. (Dkt. 34.) Following a request from the Court (Dkt. 36), respondent addressed petitioner's equitable tolling argument in a reply (Dkt. 37). Now, having reviewed the record in its entirety, including the state court record, the Court recommends that the petition be dismissed with prejudice.

Petitioner challenges his January 2004 convictions on multiple counts, including possession of cocaine, heroin, and stolen property, and identity theft and forgery. (Dkt. 31, Exs. 1-4.) The

01  Snohomish County Superior Court clerk filed petitioner's sentences on February 13, 2004.  (*Id*.)

02  Petitioner's earned early release date is in February of 2008.  (*Id*., Ex. 5.)

03       Acting *pro se*, petitioner filed a personal restraint petition on December 30, 2004.  (*Id*.,

04  Ex. 6.)  The Washington Court of Appeals dismissed the petition on December 5, 2005. (*Id*., Ex.

05  7.)  Petitioner failed to file a petition for review.

06       Again acting *pro se*, petitioner filed a second personal restraint petition in the Washington

07  Supreme Court on September 8, 2006.  (*Id*., Ex. 8.)  The Supreme Court dismissed this petition

08  as time-barred on December 1, 2006.  (*Id*., Ex. 9.)  Petitioner filed a motion to modify, which the

09  Supreme Court denied on January 30, 2007.  (*Id*., Ex. 10.)

10       Petitioner raises four grounds for relief in this habeas action:

11       1.    Illegal search.  Arrested and convicted as a result of this search.

12       2.    Illegal search of my home.  Searched without a warrant or probable cause
             from the Washington State Department of Corrections.

13       3.    No probable cause to search my home months after a crime was committed.

14       4.    Arrested twice within 48 hours for a crime I was freed from.

15       5.    Ineffective assistance of counsel.

17  (Dkts. 22-24.)  Respondent argues that these claims are time-barred.  For the reasons described

18  below, the Court agrees with respondent.

19       Section 2254 contains a one-year statute of limitations:

20  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
21   limitation period shall run from the latest of-

22       (A) the date on which the judgment became final by the  conclusion of direct

REPORT AND RECOMMENDATION
PAGE -2

01         review or the expiration of the time for seeking such review;
        . . . .
02

03 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), a judgment becomes final ninety (90) days after

04 entry of the highest state court's decision on direct review, which marks the expiration of the

05 period for filing a petition for a writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th

06 Cir. 1999). The limitation period is tolled for the "time during which a properly filed application

07 for State post-conviction or other collateral review with respect to the pertinent judgment or claim

08 is pending[.]" 28 U.S.C. § 2244(d)(2). State collateral review is considered "pending" and the

09 limitation period tolled from the time the initial application for collateral review is filed until that

10 application is disposed of by the highest state court; it "is not tolled from the time a final decision

11 is issued on direct state appeal and the time the first state collateral challenge is filed because there

12 is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

13       In this case, because petitioner did not file a direct appeal, his conviction became final on

14 or about March 13, 2004, thirty days after the Snohomish County Superior Court clerk filed his

15 sentences on February 13, 2004. *See* 28 U.S.C. § 2244(d)(1) and Washington Rule of Appellate

16 Procedure (Wash. RAP) 5.2(a). His one-year statute of limitations under 28 U.S.C. § 2244(d)(1)

17 began to run the following day, on March 14, 2004. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th

18 Cir. 2002). Petitioner's statute of limitations ran for approximately nine and a half months, until

19 petitioner filed his first personal restraint petition on December 30, 2004. As noted above,

20 petitioner did not petition for review in the Washington Supreme Court. As such, the statute of

21 limitations began to run on or about January 5, 2006, thirty days after the December 5, 2005

22 dismissal of this petition by the Washington Court of Appeals. *See* Wash. RAP 13.4(a). The

REPORT AND RECOMMENDATION
PAGE -3

statute of limitations then ran for eight more months, when petitioner filed his second personal restraint petition on September 8, 2006. Because petitioner's statute of limitations ran for some seventeen and a half months before he filed his federal habeas petition in this Court, his petition is time-barred by 28 U.S.C. § 2244(d)(1).

The only recognized exception to the statute of limitations is equitable tolling. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). However, "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying equitable tolling where delay on the part of prison officials was beyond petitioner's control and petitioner demonstrated due diligence in submitting habeas petition). As stated by the Ninth Circuit, in each of the cases in which equitable tolling has been applied, "the misconduct [of either state officials or petitioner's counsel] has actually prevented the prisoner from preparing or filing a timely petition." *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1333 (2006). Petitioner bears the burden of proving his entitlement to the equitable tolling of his statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner asserted the following equitable tolling arguments in his amended habeas petition:

REPORT AND RECOMMENDATION
PAGE -4

> I was not aware of the statute of limitations. I was not informed by my attorney. I filed my petition ten days before the expiration year. I had not received the finality letter from the Court of Appeals and still did not have my discovery from the state or from my attorney, Christine Costello. I ended up getting the discovery from the federal attorney on my federal case. I filed motions and sent letters to the Court of Appeals. I got no response on my federal case. I filed motions and sent letters to the Court of Appeals. I got no response until June of 2006. I have copies of letters showing that I attempted many times to make contact. I also filed motions to the Supreme Court trying to get them to direct the Court of Appeals to contact me about the decision they had made.

(Dkt. 22 at 14-15.) In his response to respondent's answer, petitioner indicated he was transferred from Snohomish County Jail to the Federal Detention Center after filing his first personal restraint petition and did not hear of its dismissal until informed by his federal trial counsel in March 2006. (Dkt. 34 at 1-3.) Among other documents, he attached letters to the Washington Court of Appeals and Washington Supreme Court in which he indicated he was only belatedly informed of the dismissal of his personal restraint petition, referenced prior letters purportedly sent to the state courts, and sought the re-opening of his petition. (*Id*., Ex. 1.) He also attached responsive documents from the state courts, including letters advising him that he would have to move to recall the certificate of finality and seek an extension to file a motion for discretionary review. (*Id*.)

However, as argued by respondent, the Court finds no basis for equitably tolling the statute of limitations in this case. Petitioner's lack of knowledge or familiarity with the legal process does not justify equitable tolling. *See*, *e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908-09 (9th Cir. 1986) (pro

REPORT AND RECOMMENDATION
PAGE -5

se status, release of inmate assisting with post-conviction proceeding, and illiteracy did not justify equitable tolling). Nor would ordinary negligence of an attorney suffice to justify equitable tolling. *Spitsyn*, 345 F.3d at 800.[1] In any event, although petitioner refers to his trial counsel in state and federal criminal proceedings, neither individual represented petitioner in his state collateral proceedings. Finally, it appears that petitioner did not receive notice of the dismissal of his first personal restraint petition because he failed to inform the Washington Court of Appeals of his correct address following his transfer to federal detention. (*See* Dkt. 34, Ex. 1 at 5 (state court docket indicating December 2005 order dismissing personal restraint petition and February 2006 certificate of finality were returned as "Released", and that, in response to a letter from petitioner received on March 6, 2006, both were re-sent to him via his "current address according to letter").) Petitioner provides no evidence to the contrary. (*See id.*, Ex. 1.) As such, any delay stemmed from petitioner's own lack of diligence, rather than extraordinary circumstances beyond his control.

Because petitioner fails to identify any extraordinary circumstances beyond his control that prevented him from filing a timely habeas petition, his petition should be denied and this action

---

[1] The Ninth Circuit has "acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of [the] statute of limitations." *Spitsyn*, 345 F.3d at 800. In *Spitsyn*, the Ninth Circuit found an attorney's conduct sufficiently deficient so as to distinguish it from merely negligent performance where an attorney "was hired nearly a full year in advance of the deadline, . . . completely failed to prepare and file a petition[,]" and retained the file for more than two months beyond the deadline, despite repeated efforts at contact by the petitioner and his mother, including a request for the case file. *Id*. at 801. In contrast, the Ninth Circuit has, for example, held that an attorney's miscalculation of the limitations period for filing a habeas petition does not constitute "extraordinary circumstances" sufficient to warrant equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir. 2002); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

01 dismissed with prejudice. No evidentiary hearing is required as the record conclusively shows that
02 petitioner is not entitled to relief. A proposed order accompanies this Report and
03 Recommendation.

04     DATED this 9th day of July, 2007.

                            /s/ Mary Alice Theiler
                            Mary Alice Theiler
                            United States Magistrate Judge